UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>VERACITY RESEARCH, et al.<br><br>Defendants. | No. 2:19-cv-01021-KJM-KJN PS |
| JAMES CONERLY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>VERACITY RESEARCH, et al.<br><br>Defendants. | No. 2:19-cv-01113-TLN-EFB PS<br><br><u>ORDER CONSOLIDATING CASES, VACATING FINDINGS AND RECOMMENDATIONS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND</u> |

Plaintiffs Carina Conerly and M.T. (proceeding pro se) and Plaintiffs James and Marilyn Conerly (proceeding pro se) each filed an action against Veracity Research Company and Kristy Torain, apparently alleging various claims under California law. The undersigned finds that these two cases should be consolidated for all purposes, given the similarities raised therein.[1]

---

[1] Under 28 U.S.C. § 636 and Rule 301(c)(21) of the Local Rules for the Eastern District of California, the magistrate judge has authority to issue non–dispositive rulings for cases where a party is not represented by an attorney ("pro se" cases).

1

**Background**

On June 4, 2019, Carina[2] filed the first action, Conerly v. Veracity Research, No. 2:19-cv-01021-KJM-KJN (PS) (E.D. Cal.) ("Conerly I"), apparently alleging multiple claims under California law against two California Defendants—Kristy Torain and Veracity Research. Carina also filed a motion to proceed in forma pauperis, which the undersigned screened and found to fail for lack of subject matter jurisdiction. (Conerly I, ECF No. 2.) Carina filed objections to the Findings & Recommendations, stating that Defendants in fact were residents of Texas. (ECF No. 5.).

On June 18, 2019, James and Marilyn filed a complaint in Conerly v Veracity Research, No. 2:19-cv-01113-TLN-EFB (PS) (E.D. Cal.) ("Conerly II"), and paid the $400 filing fee. Therein, James and Marilyn allege the same factual issues against Defendants—though their Complaint asserts complete diversity. (See Conerly II, ECF Nos. 1, 3.) Defendants were served, and Magistrate Judge Brennan issued a scheduling order. (See Conerly II, ECF Nos. 4, 5.)

Finally, in both Conerly I and Conerly II, the Plaintiffs filed a "motion to expedite," which appears to be a request to expedite service. (See ECF Nos. 2.) In Conerly II, Magistrate Judge Brennan denied this motion. (See Conerly II, ECF No. 6.)

**Discussion**

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989). "Trial courts may consolidate cases sua sponte[.]" In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) (citing 9 C. Wright

---

[2] For purposes of clarity, the court will refer to plaintiffs by their first names. No disrespect is intended.

2

& A. Miller, Federal Practice and Procedure: Civil § 2383 at n. 37).

Here, the two actions involve common questions of law and clearly arise out of the same nucleus of common facts. Each complaint makes the same factual averments (aside from James and Marilyn's assertion of facts giving rise to complete diversity—a fact with which Carina now seems to agree, given her objections to the pending F&Rs in Conerly I). Thus, judicial convenience is served by consolidating these cases. Further, now that Defendants have been served in the Conerly II action (see ECF Nos. 7, 8), no delay is presented by consolidating. Finally, allowing two separate actions based on the same facts to go forward will prejudice both parties, as any motion filed in one case will necessarily have to be filed in the other—increasing the workload on the parties and the court; conversely, consolidation removes this prejudice. Thus, in light of the above factors, consolidation is warranted. Investors Research, 877 F.2d 777; In re Adams Apple, Inc., 829 F.2d at 1487; Southwest Marine, 720 F. Supp. at 807.

Because the Court's procedure is to consolidate actions with a higher case number into the lower–numbered actions, the operative action moving forward will be Conerly I (No. 2:19-cv-1021 KJM–KJN (PS)). However, the undersigned notes that the operative complaint in Conerly I still fails to state facts alleging diversity jurisdiction, and so must be dismissed. See Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co., 117 F.3d 1128, 1234 (9th Cir.1997) ("A corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business."); United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Given Carina's statement in her objections that she mistakenly labeled Defendants as California citizens, the F&Rs (Conerly I, ECF No. 4) will be withdrawn. Carina will be allowed to amend her Complaint to include her assertions from her objections (that Defendants are in fact citizens of Texas). This amended complaint shall be labeled "First Amended Complaint," and shall state all claims Carina wishes to assert against Defendants as a stand–alone complaint. Further, James and Marilyn may assert whatever claims they might have against Defendants in the same "First Amended

Complaint," keeping in mind that a plaintiff can only state claims on his or her own behalf—not on behalf of another (i.e. their daughter Carina— as their complaint in Conerly II appears to state). See Pony v. Cty. of Los Angeles, 433 F.3d 1138, 1146 (9th Cir. 2006) ("Generally, a plaintiff may only bring a claim on his own behalf, and may not raise claims based on the rights of another party.") (citing Allen v. Wright, 468 U.S. 737, 751 (1984) ("Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights....")). Finally, if for some reason plaintiffs determine they are unable to amend the complaint to state a viable claim in accordance with their obligations under Federal Rule of Civil Procedure 11, they may instead file—within 21 days of this order— a notice of voluntary dismissal of their claims without prejudice pursuant to Rule 41(a)(1)(A)(i).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The actions Conerly v Veracity Research Company, No. 2:19-cv-01021-KJM-KJN (PS), and Conerly v Veracity Research Company, No. 2:19-cv-01113-TLN–EFB (PS) are CONSOLIDATED;
2. The Clerk of Court shall:
   a. File a copy of this order in both actions in order to notify all parties of the consolidation;
   b. Administratively CLOSE Conerly v Veracity Research Company, No. 2:19-cv-01113-TLN–EFB (PS), and VACATE all scheduled dates therein;
3. All future filings shall be made in Conerly v Veracity Research Company, No. 2:19-cv-1021–KJM–KJN. As to the pending motions therein:
   a. Magistrate Judge Newman's order and findings and recommendations (ECF No. 4) is WITHDRAWN;
   b. Plaintiff Carina Conerly's motion to proceed in forma pauperis (ECF No. 2) is DENIED AS MOOT;
   c. Plaintiff Carina Conerly's Complaint (ECF No. 1) is DISMISSED WITH

4

LEAVE TO AMEND; and

    d. Within 21 days of this order, Plaintiffs shall file either a "First Amended Complaint" in compliance with this order, or shall request a voluntary dismissal of the action without prejudice. Failure to timely amend may result in dismissal of the action with prejudice under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: September 13, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cone.1021